IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

HELIODORO ALEJANDRE, on behalf
of the Estates of Ramona Alejandre, deceased,
and A.A., a deceased minor,

    Plaintiffs,

vs.                                              No. 1:10-CV-00658

FORD MOTOR COMPANY, and
WESTERN MOTORS, INC.,

    Defendants.

**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(b) (DIVERSITY)**

Defendant Ford Motor Company ("Ford") submits this timely-filed Notice of Removal pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, and in support hereof states as follows:

**A. Background**

1.    Plaintiffs filed their Complaint for Personal Injury on July 2, 2010, in the First Judicial District of the State of New Mexico, County of Santa Fe, Case No. D-101-CV-2010-02276. A copy of all process, pleadings, and orders served upon Ford from Case No. D-101-CV-2010-02276 is attached as Exhibit A. Ford will comply with D.N.M.LR-Civ. 81.1(a) within the twenty-eight day period provided by that rule.

2.    Ford was served with process on July 6, 2010.

3.    Pursuant to a phone call by counsel for Ford to the registered agent for Defendant Western Motors, Inc. ("Western") on July 13, 2010, Western has not been served with process.

4.    Plaintiffs' Complaint alleges that the Personal Representative is a resident of Synder, Texas, and was the husband and father of the decedents, respectively, but fails to set forth a citizenship for the decedents for diversity purposes. *See* Ex. A, at Complaint ¶ 1.

However, information contained in the news article attached as Exhibit B indicates that the decedents were residents of Snyder, Texas, at the time of their accident that is the basis of this lawsuit. For diversity purposes, Plaintiff Heliodoro Alejandre is a citizen of the same states as the decedents. *See* 28 U.S.C. § 1332(c)(2).

5. Ford is a Delaware limited liability company with its principal place of business in Michigan. On information and belief, and based on the allegations of the Complaint, Western is a New Mexico corporation with a principal place of business in New Mexico. *See also* Ex. C (PRC website record for Western). Thus, complete diversity of citizenship exists.

**B. Grounds for Removal**

1. The propriety of removal is determined at the time of removal. *See Pfeiffer v. Hartford Fire Ins. Co.*, 929 F.2d 1484, 1488 (10th Cir. 1991) ("[T]he propriety of removal is judged on the complaint as it stands at the time of removal."). This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a). Removal of this action is proper pursuant to 28 U.S.C. § 1441(a). This is a civil action between citizens of different states and in which a citizen or subject of a foreign state is an additional named party, and the amount in controversy exceeds $75,000.00 exclusive of interest and costs.

2. This is a product liability action where Plaintiffs are claiming damages for the death of the decedents, Ramona Alejandre and A.A. (a minor). In determining the amount in controversy, the Court should look to the "allegations of the complaint, or, where they are not dispositive, by the allegations of the notice of removal." *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995). "A defendant (like a plaintiff) is entitled to stay in federal court unless it is 'legally certain' that less than $75,000 is at stake." *McPhail v. Deere & Co.*, 529 F.3d 947 (10th Cir. 2008). The Court may look to the substance and nature of the injuries and damages

described in the pleadings.  *See Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 882-83 (5th Cir. 2000).  In this type of product liability case involving an alleged wrongful death, the amount in controversy well exceeds $75,000.00.  In this case specifically, Plaintiffs claim that Ford is liable for alleged compensatory damages, including the losses of income, earning capacity, and enjoyment of life of the decedents.  *See* Ex. A, at Complaint ¶ "WHEREFORE".  Additionally, Plaintiffs have claims for punitive damages against Ford, which could alone exceed the jurisdictional amount of $75,000.00, if proven.  Thus, Ford affirmatively states that the amount in controversy exceeds $75,000.00, a statement which Plaintiffs will surely not dispute.

      3.      For purposes of federal diversity jurisdiction, Plaintiff Heliodoro Alejandre has the citizenships as set forth above in Paragraph A(4).  *See* 28 U.S.C. § 1332(c)(2).  The named defendants in this action have the citizenships set forth above in Paragraph A(5).  *See id*. at § 1332(c)(1).  Thus, complete diversity of citizenship is present in this case.

      4.      Because Defendant Western has not been served, Western's consent to removal is not necessary.  *See Brady v. Lovelace Health Plan*, 504 F.Supp.2d 1170, 1172-73 (D.N.M. 2007).  Additionally, given the lack of service on Western, this case is removable because "none of the parties in interest <u>properly joined and served</u> as defendants is a citizen of the State in which such action is brought."  28 U.S.C. § 1441(b) (emphasis added); *see e.g.*, 14B Wright, Charles Allan et al., Federal Practice and Procedure § 3723 at 784 (4th ed. 2009) ("a diverse but resident defendant who has not been served may be ignored in determining removability"); *McCall v. Scott*, 239 F.3d 808, 813 n.2 (6th Cir. 2001) ("Where there is complete diversity of citizenship … the inclusion of an unserved resident defendant in the action does not defeat removal under 28 U.S.C. § 1441(b).").

5.      This Notice of Removal is timely filed under 28 U.S.C. § 1446(b) "within thirty days after the service of summons" upon Ford.  *See* Paragraph A(2), above.

6.      A copy of this Notice of Removal is being filed with the Clerk of the First Judicial District of the State of New Mexico, County of Santa Fe.

7.      Ford demands that the trial of this matter in federal court be heard by a full jury.

**WHEREFORE**, Defendant Ford Motor Company requests that the action now pending in the First Judicial District of the State of New Mexico, County of Santa Fe, as Case No. D-101-CV-2010-02276, be removed from that state court to this United States District Court.

    Respectfully submitted,

    RODEY, DICKASON, SLOAN, AKIN & ROBB, P.A.

By: _/s/ Jeffrey M. Croasdell_
    Jeffrey M. Croasdell
    Todd E. Rinner
Post Office Box 1888
Albuquerque, New Mexico 87103
Telephone: (505) 765-5900
*Attorneys for Ford Motor Company*

I hereby certify that a true copy of the foregoing was served by email to the following counsel of record this 13th day of July, 2010:

James B. Ragan
Law Offices of James B. Ragan
723 Coleman Avenue
Corpus Christi, TX  78401
361-884-9144 (f)
jimragan@aol.com
Attorney for Plaintiff

Gilbert Arrazolo
Arrazolo Law, Inc.
715 Tijeras NW
Albuquerque, NM  87102
505-242-3125 (f)
arrazolo01@yahoo.com
Attorney for Plaintiff


By  /s/ Todd E. Rinner
    Todd E. Rinner