STATE OF NEW MEXICO
COUNTY OF SANTA FE
FIRST JUDICIAL DISTRICT

HELIODORO ALEJANDRE, on behalf of
The estates of RAMONA AND ███████
ALEJANDRE, DECEASED

      Plaintiff,

Vs.                                        No. D101CV2010-02276

FORD MOTOR COMPANY, AND
WESTERN MOTORS, INC.

      Defendants.

## SUMMONS

TO:   Ford Motor Company
        C.T. Corporation System
        123 E. Marcy
        Santa Fe, New Mexico 87501

Greetings:

     This summons notifies you that a Complaint has been filed against you. You are required to file an Answer to the Complaint, or responsive motion, within THIRTY (30) DAYS AFTER THE SUMMONS HAS BEEN SERVED ON YOU. You must file the Answer or responsive motion with the Clerk of the District Court and you must serve a copy of the Answer or responsive motion on the opposing party.

     **IF YOU DO NOT FILE AND SERVE AN ANSWER OR RESPONSIVE MOTION WITHIN THE THIRTY (30) DAY PERIOD, A DEFAULT JUDGMENT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER RELIEF DEMANDED IN THE COMPLAINT.**

Street Address of Court:          Judicial Complex

1

*EXHIBIT A to*
*Ford's Notice of Removal*

Grant & Catron
P. O. Box 2268
Santa Fe, NM 87504

Address of Plaintiff's attorney:     Gilbert Arrazolo
Arrazolo Law, P.C.
715 Tijeras NW
Albuquerque, NM 87102

WITNESS the Honorable ____RAYMOND Z. ORTIZ_____, District Court Judge of said Court of the State of New Mexico and the Seal of the District Court of said County, this __2__ day of __July_____, 2010.

STEPHEN T. PACHECO
District Court Clerk

_____
Deputy Clerk

**STATE OF NEW MEXICO** )
                        )ss
**COUNTY OF BERNALILLO** )

RETURN FOR COMPLETION BY SHERIFF OR DEPUTY:
    I certify that I served the within Summons in said County on the _____ day of _____, 2009, by delivering a copy thereof, with copy of Complaint attached, in the following manner:

RETURN FOR COMPLETION BY OTHER PERSON MAKING SERVICE:

    I, being duly sworn, on oath, say that I am over the age of 18 years and not a party to this lawsuit, and that I served the within Summons in said County on the _____ day of _____, 2010, by delivering a copy thereof, with copy of Complaint attached, in the following manner:

___ To _____, an agent authorized to receive service of process for Defendant _____.

___ To _____, (name of person),_____, (title of person authorized to receive service)(used when Defendant is a corporation or

2

association subject to a suit under a common name, a land grant board of trustees, the State of New Mexico or any political subdivision.)

Fees:

SHERIFF OF \_\_\_\_\_
COUNTY State of New Mexico this

Signature of Private Citizen Making Service
Subscribed and sworn to before me
\_\_\_\_ day of _____, 2010

_____
Sheriff

_____
Notary or Other Officer
Authorized to Administer Oaths

By:_____
  Deputy

_____
Title

ENDORSED
First Judicial District Court

JUL 02 2010

Santa Fe, Rio Arriba &
Los Alamos Counties
PO Box 2268
Santa Fe, NM 87504-2268



STATE OF NEW MEXICO
COUNTY OF SANTA FE
FIRST JUDICIAL DISTRICT

HELIODORO ALEJANDRE, on behalf of
The estates of RAMONA AND ▮▮▮▮
ALEJANDRE, DECEASED

      Plaintiff,

Vs.                                   No. 0101CV2010-02276

FORD MOTOR COMPANY, AND
WESTERN MOTORS, INC.

      Defendants.

## PLAINTIFF'S COMPLAINT FOR PERSONAL INJURY

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiff, individually, by and through his attorneys Gilbert Arrazolo, Arrazolo Law, P.C., and James B. Ragan, and propound the following allegations against the Defendants as follows:

### PARTIES AND JURISDICTION

1.     Heliodoro Alejandre is a resident of Snyder, Texas and was the husband of Ramona Alejandre and the father of A▮▮▮ A▮▮▮▮.

2. Defendant Ford Motor Company is a foreign corporation and does business in the state of New Mexico. Ford can be served through its registered agent, C.T. Corporations systems in Santa Fe, New Mexico.

3. Defendant Western Motors, Inc. is a New Mexico corporation and can be served with process through its registered agent at Maddox & Holloman, P.C., 205 E. Bender, Suite 150, Hobbs, New Mexico 88240.

4. Venue is proper in Santa Fe County given that there is no diversity of citizenship and Ford has a registered agent in Santa Fe.

## *STATEMENT OF FACTS*

5. On July 4, 2009, the Alejandre family was involved in a single vehicle roll over on Interstate 25 in Dona Ana County, New Mexico. Mrs. Alejandre was traveling northbound in the vicinity of mile marker 12 in New Mexico when she suddenly and without warning lost control of the 2003 Ford F-250 she was driving. The seat belt failed and Mrs. Alejandre died of blunt trauma when she was partially

ejected from the vehicle. The seatbelt worn by A▮ also failed and she was ejected through the defective backlight window and died of traumatic injuries.

## FIRST CLAIM FOR RELIEF
## STRICT LIABILITY AGAINST FORD MOTOR COMPANY

6. Plaintiffs incorporate the allegations in paragraphs 1-5 in this Complaint as if fully set forth herein.

9. At all times material to this action, Ford was in the business of designing, testing, approving, manufacturing, marketing, distributing and selling motor vehicles, including the Ford F-250, for use in New Mexico and elsewhere throughout the United States.

10. At the time the Ford F-250 left the control of Ford, it was defective and unreasonably dangerous to a person who might reasonably expect to use it. These defects include, but are not limited to the conditions described in the following paragraphs.

11. As to the death of Ramona Alejandre, the Ford F-250 was defective as follows:

   a) It was not crashworthy;

b) the seatbelt was defective in that it was not designed to prevent ejection in the event of a foreseeable rollover;

c) the driver's window was not made of laminated glass and an adequate window structure, which would have prevented a partial ejection; and

d) the driver's door latch was defective and allowed the door to open, allowing Mrs. Alejandre to be partially ejected.

As to the death of A███ A███, the F-250 was defective as follows:

a)   The seatbelt was defective in that it wasnot designed in such a way as to prevent ejection in the event of a foreseeable rollover; and

b)   The design of the rear window and frame was not made of laminated glass and ins uch a way that it would be retained in a rollover, which would have prevented her from being ejected.

The F-250 also lacked ESC, which would have made it less likely that Mrs. Alejandre would have lost control of the vehicle.

It also lacked a rollover safety canopy which would have prevented the deaths of the decedents herein.

12. The Ford F-250 was expected by Ford to reach, and did reach, the user or consumer without substantial change in condition in which it was sold, including the Ford F-250 that was sold to the Alejandre family.

13. The Alejandre family were persons who reasonably would be expected to use the Ford F-250 in such a manner that it would roll over as occurred in the accident of July 4, 2009.

14. It was foreseeable to Ford that the F-250 could and would be operated in such a manner that it would rollover as it occurred in the accident of July 4, 2009.

15. Ford is strictly liable to the estates of Ramona and A▮▮▮ for damages resulting from their deaths on the grounds set forth above. The defects complained of caused the enhanced injury of death. Plaintiff affirms and believes that but for these defects, Ramona and A▮▮▮ would have suffered only superficial injuries.

## SECOND CLAIM FOR RELIEF
## NEGLIGENCE BY FORD

16. Plaintiff hereby incorporates paragraphs 1 – 15 as if fully set forth herein.

17. Plaintiff alleges that Ford was negligent in its design of the Ford F-250 seat belts, glass, door latch and occupant compartment. Plaintiff alleges that Ford had a duty to design a vehicle that was crashworthy and would not allow the occupant to be ejected during a foreseeable rollover.

18. Plaintiff alleges that Ford's breach of this duty was a proximate cause of the Alejandre enhanced injuries and damages to the estate.

### THIRD CLAIM FOR RELIEF
### PUNITIVE DAMAGES AGAINST FORD MOTOR COMPANY

19. Plaintiff incorporates all allegations contained in paragraphs 1-18 as if fully set forth herein.

20. Ford knew at the time the Ford F-250 was placed into the stream of commerce and that it would be involved in roll over accidents. Ford also knew that the defects in the seat belts and glass would allow an occupant to be ejected in the event of a foreseeable rollover. Ford acted with reckless disregard for human safety by cutting costs at the expense of human safety.

21. The acts and omissions of Ford described herein were willful, wanton, reckless, grossly negligent, and occurred with utter disregard for the rights and safety of others, such as Ramona and A███ A█████, thereby entitling the Plaintiff to an award of punitive damages.

## COUNT FOUR
## NEGLIGENCE BY WESTERN MOTORS, INC.

29. Western Motors, Inc. owed Plaintiff a duty to warn that the defective seat belts and lack of laminated glass would allow an occupant to be ejected in a foreseeable rollover. Western Motors, Inc., as a car dealership, also knew or should have been aware that by 2003 vehicles should have been equipped with ESC and that lack of ESC increased the likelihood of a single car accident. Western Motors had a duty to warn Plaintiff about the dangers of purchasing a vehicle without ESC.

30. Western Motors knew or should have known that the Ford F-250 was a defective vehicle and the defective seat belts

and lack of laminated glass would allow an occupant to be ejected in the event of a foreseeable rollover.

31. Western Motor's negligence was a proximate cause of the enhanced injury and damages suffered by the estate.

WHEREFORE, Plaintiff prays that this Court:

1. Enter judgment for Plaintiff against Defendants for compensatory damages in an amount to be proven at trial;

2. Enter judgment for Plaintiff's burial and incidental expenses in an amount to be specifically proven at trial;

3. Enter judgment for Plaintiff for loss of decedents, earnings and earning capacity in an amount to be proven at trial;

4. Enter judgment for Plaintiff for punitive damages against Defendants in an amount to be proven at trial;

5. Enter judgment for the Plaintiff for costs and reasonable attorney fees associated with bringing this cause to action;

6. Enter judgment for the Plaintiff for pre-judgment and post-judgment interest on his award;

7. Enter judgment for the Plaintiff for such other and further relief as the Court deems just and proper.

Respectfully Submitted,

*Gilbert Arrazolo (bdl)*
Gilbert Arrazolo
ARRAZOLO LAW, P.C.
715 Tijeras Ave. NW
Albuquerque, NM 87102
(505) 842-5924
(505) 242-3125 - facsimile


James B. Ragan
Law Offices of James B. Ragan
723 Coleman Avenue
Corpus Christi, Texas 78401
(361) 884-7787
(361) 884-9144 - facsimile