IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

HELIODORO ALEJANDRE, on behalf
of the Estates of Ramona Alejandre, deceased,
and A.A., a deceased minor,

      Plaintiffs,

vs.                              **No. 1:10-CV-00658-JEC-WDS**

FORD MOTOR COMPANY,

      Defendant.

## PLAINTIFF'S FIRST AMENDED COMPLAINT FOR PERSONAL INJURY

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiff, individually, by and through his attorneys Gilbert Arrazolo, Arrazolo Law, P.C., and James B. Ragan, and propounds the following allegations against the Defendants as follows:

### PARTIES AND JURISDICTION

1.  Heliodoro Alejandre is a resident of Snyder, Texas and was the husband of Ramona Alejandre and the father of A. A., a deceased minor.

2.  Defendant Ford Motor Company is a foreign corporation and does business in the state of New Mexico. Defendant Ford Motor Company has answered herein and no written service of process is necessary. A copy of this pleading is being forwarded to their attorneys of record, Jeffrey M. Croasdell and Todd E. Rinner, Rodey, Dickason, Sloan, Akin & Robb, P.A., 201 Third Street NW, Suite 2200, Albuquerque, New Mexico 87102.

3. Venue is proper in Santa Fe County given that there is no diversity of citizenship and Ford has a registered agent in Santa Fe.

### *STATEMENT OF FACTS*

4. On July 4, 2009, the Alejandre family was involved in a single vehicle roll over on Interstate 25 in Dona Ana County, New Mexico.  Mrs. Alejandre was traveling northbound in the vicinity of mile marker 12 in New Mexico when she suddenly and without warning lost control of the 2003 Ford F-250 she was driving.  The seat belt failed and Mrs. Alejandre died of blunt trauma when she was partially ejected from the vehicle. The seatbelt worn by A.A., a deceased minor, also failed and she was ejected through the defective backlight window and died of traumatic injuries.

### FIRST CLAIM FOR RELIEF
### STRICT LIABILITY AGAINST FORD MOTOR COMPANY

5. Plaintiffs incorporate the allegations in paragraphs 1-4 in this Complaint as if fully set forth herein.

6. At all times material to this action, Ford was in the business of designing, testing, approving, manufacturing, marketing, distributing and selling motor vehicles, including the Ford F-250, for use in New Mexico and elsewhere throughout the United States.

7. At the time the Ford F-250 left the control of Ford, it was defective and unreasonably dangerous to a person who might reasonably expect to use it.  These defects include, but are not limited to the conditions described in the following paragraphs.

8. As to the death of Ramona Alejandre, the Ford F-250 was defective as follows:

   a)      It was not crashworthy;

b) the seatbelt was defective in that it was not designed to prevent ejection in the event of a foreseeable rollover;

c) the driver's window was not made of laminated glass and an adequate window structure, which would have prevented a partial ejection; and

d) the driver's door latch was defective and allowed the door to open, allowing Mrs. Alejandre to be partially ejected.

9. As to the death of A.A., a deceased minor, the F-250 was defective as follows:

a) The seatbelt was defective in that it was not designed in such a way as to prevent ejection in the event of a foreseeable rollover; and

b) The design of the rear window and frame was not made of laminated glass and in such a way that it would be retained in a rollover, which would have prevented her from being ejected.

10. It also lacked a rollover safety canopy which would have prevented the deaths of the decedents herein.

11. The Ford F-250 was expected by Ford to reach, and did reach, the user or consumer without substantial change in condition in which it was sold, including the Ford F-250 that was sold to the Alejandre family.

12. The Alejandre family were persons who reasonably would be expected to use the Ford F-250 in such a manner that it would roll over as occurred in the accident of July 4, 2009.

13. It was foreseeable to Ford that the F-250 could and would be operated in such a manner that it would rollover as it occurred in the accident of July 4, 2009.

14. Ford is strictly liable to the estates of Ramona and A.A., a deceased minor, for damages resulting from their deaths on the grounds set forth above. The defects complained of caused the enhanced injury of death. Plaintiff affirms and believes that but for these defects, Ramona and A.A., a deceased minor, would have suffered only superficial injuries.

SECOND CLAIM FOR RELIEF
NEGLIGENCE BY FORD

15. Plaintiff hereby incorporates paragraphs 1-14 as if fully set forth herein.

16. Plaintiff alleges that Ford was negligent in its design of the Ford F-250 seat belts, glass, door latch and occupant compartment. Plaintiff alleges that Ford had a duty to design a vehicle that was crashworthy and would not allow the occupant to be ejected during a foreseeable rollover.

17. Plaintiff alleges that Ford's breach of this duty was a proximate cause of the Alejandre enhanced injuries and damages to the estate.

THIRD CLAIM FOR RELIEF
PUNITIVE DAMAGES AGAINST FORD MOTOR COMPANY

18. Plaintiff incorporates all allegations contained in paragraphs 1-17 as if fully set forth herein.

19. Ford knew at the time the Ford F-250 was placed into the stream of commerce and that it would be involved in roll over accidents. Ford also knew that the defects in the seat belts and glass would allow an occupant to be ejected in the event of a foreseeable rollover. Ford acted with reckless disregard for human safety by cutting costs at the expense of human safety.

20. The acts and omissions of Ford described herein were willful, wanton, reckless, grossly negligent, and occurred with utter disregard for the rights and safety of others, such as Ramona and A.A., a deceased minor, thereby entitling the Plaintiff to an award of punitive damages.

WHEREFORE, Plaintiff prays that this Court:

1. Enter judgment for Plaintiff against Defendants for compensatory damages in an amount to be proven at trial;

2. Enter judgment for Plaintiff's burial and incidental expenses in an amount to be specifically proven at trial;

3. Enter judgment for Plaintiff for loss of decedents, earnings and earning capacity in an amount to be proven at trial;

4. Enter judgment for Plaintiff for punitive damages against Defendants in an amount to be proven at trial;

5. Enter judgment for the Plaintiff for costs and reasonable attorney fees associated with bringing this cause to action;

6. Enter judgment for the Plaintiff for pre-judgment and post-judgment interest on his award;

7. Enter judgment for the Plaintiff for such other and further relief as the Court deems just and proper.

Respectfully submitted,

**ARRAZOLO LAW, P.C.**

715 Tijeras NW
Albuquerque, New Mexico  87102

5

Telephone: (505) 842-5924
Facsimile: (505) 242-3125


By:  _____
Gilbert Arrazolo

AND

**LAW OFFICES OF JAMES B. RAGAN**

723 Coleman Avenue
Corpus Christi, Texas  78401
TELEPHONE: (361) 884-7787
FACSIMILE:  (361) 884-9144


By:  _____
James B. Ragan
State Bar No. 24745
Federal I.D. No. 696

COUNSEL FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I certify that on the 22nd of October, 2010, a complete and correct copy of the foregoing pleading was served on each party by delivery to the following attorney or record in the matter indicated below:

**VIA EMAIL ONLY**
Todd E. Rinner
Jeffrey M. Croasdell
RODEY, DICKASON, SLOAN, AKIN & ROBB, P.A.
P.O. Box 1888
Albuquerque, NM  87103
trinner@rodey.com
JCroasdell@rodey.com


_____
Gilbert Arrazolo

6